UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80166-CR-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA

v.

ALLEN MARK LEVINSON,

        Defendant.

_____/



FILED by ___ D.C.

MAR - 8 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS *IN LIMINE* TO EXCLUDE FED. R. EVID. 404(b) EVIDENCE (DE 69)**

Before this Court are Defendant's motions to exclude Fed R. Evidence 404(b) evidence (DE 69). A hearing was held on February 11, 2011.

The defendant is charged in a two count Indictment with attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 1) and committing an enumerated felony offense involving a minor, as set forth in Count 1, while being required by law to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count 2). (DE 10).

The Government alleges the Defendant revealed in computer chat sessions with an undercover officer posing as the step-father of an eight year old step-daughter that he had raped his own daughter by the time she was ten years old. The Defendant participated in a live web camera session wherein the Defendant exposed himself and attempted to view the undercover officer engaging in sexual activity with his fictitious step-daughter.

The United States seeks to introduce evidence of the defendant's possession of some 17 images of child pornography, 166 images of virtual child pornography, and over 700 chats with a theme involving sexual interest in young girls, all discovered during a search of the Defendant's

computer seized pursuant to a search warrant. The Government at the hearing introduced two of the chats into evidence. (GXs 1 and 2). In GX 1 on March 17, 2009, the Defendant discussed sex with young girls for real as opposed to for fantasy. In GX 2 on April 28, 2010, the Defendant discussed his sexual acts with another mother and daughter.

## Fed. R. Evid. 404(b)

Federal Rule of Evidence 404(b) "is a rule of inclusion, and ... accordingly 404(b) evidence, like other relevant evidence, should not be excluded when it is central to the prosecution's case." *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir.2003) (internal citations and quotations omitted). The rule states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

To be admissible: (1) Rule 404(b) evidence must be relevant to an issue other than the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and it must satisfy Rule 403. *Jernigan*, 341 F.3d at 1280.

Regarding the first prong, similarity of extrinsic acts to the offenses with which the defendant is charged is the standard by which relevancy is measured under 404(b). *United States v. Williams*, 816 F.2d 1527, 1531 (11th Cir.1987). Since the 17 images of child pornography, 166 images of virtual child pornography, and over 700 chats with a theme involving sexual interest in young girls all tend to show an interest in sex with young girls, the prior acts and the charged offenses are

substantially similar and highly relevant on the issue of intent. *See United States v. Chase*, 367 Fwd. Appx. 979, 982 (11th Cir. 2010). Although possession of the virtual pornography and the chats may not be criminal, they need not be. *Id.*

In relation to the second prong, the Government's proof of the prior acts is very reliable. They were found on the Defendant's computer and the chats chronicle online chats with the same screen name that the Defendant used in the charged offenses. A jury could find by a preponderance of the evidence that they belonged to the Defendant. *Id.*

Regarding the third prong, the Eleventh Circuit has stated, "the probative value of the evidence must not be *substantially outweighed* by unfair prejudice.... [T]his determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Jernigan*, 341 F.3d at 1282 (internal citations and quotations omitted) (emphasis in original). Since the Government bears the burden of proving that the Defendant intended to entice a victim and was not merely fantasizing, evidence of the prior acts is critical to the Government's case. The prior acts were not temporally remote, and they were substantially similar. Moreover, since the jury will already learn that the Defendant is a registered sex offender, the additional prejudice from admission of the prior acts will be incrementally less. Any prejudicial value can be reduced by a limiting instruction. *Id.* Thus, the probative value of the evidence is not substantially outweighed by unfair prejudice. *Id. See also United States v. Mooney*, 303 Fed. Appx. 737, 743 (11th Cir. 2008).

For the foregoing reasons, this Court RECOMMENDS that evidence of the prior acts be ADMITTED under Rule 404(b).

## CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** the Defendant's motion to exclude Fed. R. Evidence 404(b) evidence (DE 69).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND RECOMMENDED** in Chambers this 7 day of March, 2011 at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Senior United States District Judge Kenneth L. Ryskamp

Counsel of Record