UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-cv-81244-MIDDLEBROOKS/BRANNON

ALLEN MARK LEVINSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Report and Recommendation ("Report") (DE 17) issued by Magistrate Judge Dave Lee Brannon on September 2, 2016. Movant Allen Levinson filed Objections to the Report on September 16, 2016. (DE 18). The United States filed a Response on September 22, 2016. (DE 19).

Movant filed a § 2255 Motion to Vacate, alleging ineffective assistance of counsel. (DE 1). The Report recommends that the Motion should be denied on the merits. The Report finds that Movant did not establish that his trial counsel rendered constitutionally ineffective assistance by failing to move to suppress or otherwise challenge (1) the Government's use of the Internet Crimes Against Children ("ICAC") database with which Movant's chatroom activity was discovered and (2) the Government's use of administrative subpoenas to obtain Movant's Internet Protocol ("IP") addresses. Specifically, the Report concludes that the Government's use of the ICAC database did not violate Movant's Fourth Amendment rights because the database collects only publicly available information – the IP addresses and screennames of chatroom users – for which there is no reasonable expectation of privacy. The Report also concludes that the Government's use of administrative subpoenas to obtain Movant's IP addresses from third-party Internet Service Providers ("ISPs") did not violate Movant's Fourth Amendment rights because there is no reasonable expectation of privacy

in subscriber information provided to third-party ISPs. Upon a careful, *de novo* review of the record and Movant's Objections, the Court agrees with the Report's recommendation to deny Movant's § 2255 Petition.

Movant objects to the Report. Movant first contends that the Government illegally obtained his IP address from the chatroom administrator to put it into the ICAC database. Movant continues that the Government's use of stolen information in the ICAC database violates the Fourth Amendment, the Wiretap Act, and/or the Stored Communications Act ("SCA"), and that trial counsel erred by not moving to exclude it. Second, as to the administrative subpoenas, Movant argues that the Government's subpoena did not comply with the specificity requirement of 18 U.S.C. § 2703(d) of the SCA. Movant contends that the Government therefore obtained his IP address in violation of the SCA, and reasonable trial counsel would have moved to suppress the Government's evidence. Even if the subpoena complied with § 2703(d), Movant contends that trial counsel should have argued that § 2703(d) violates the Fourth Amendment insofar as it permits disclosure of an IP address without probable cause and a warrant.

As an initial matter, Movant cites to no evidence in support of his contention that the Government illegally obtained his IP address from the chatroom administrator or his contention that the administrative subpoenas were invalid. Instead, Movant relies on speculation. Next, the remedy for Movant's complaints regarding the Government's failure to comply with the SCA is not, as he contends, the suppression of evidence. While Movant is correct that §§ 2703(c)[1] and (d)[2] of the SCA

---

[1] Section 2703(c) states:

> (1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity—

specify procedures that the Government must follow to access non-content electronic records, including IP addresses, from electronic communication service providers, the SCA does not provide an exclusionary remedy for a violation of these provisions.[3] *See United States v. Steiger*, 318 F.3d 1039, 1049 (11th Cir. 2003). Therefore, I adopt the Report's finding that it was reasonable for trial counsel not to move to suppress the Government's evidence under the SCA.[4]

I also agree with the Report's finding that it was reasonable for trial counsel not to challenge the Government's evidence on Fourth Amendment grounds. The Fourth Amendment does not protect information revealed to a third-party because there is no reasonable expectation of privacy in such information. *See United States v. Davis*, 785 F.3d 498, 508 (11th Cir.), *cert. denied*, 136 S. Ct.

---

(A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction;
(B) obtains a court order for such disclosure under subsection (d) of this section;
(C) has the consent of the subscriber or customer to such disclosure;
(D) submits a formal written request relevant to a law enforcement investigation concerning telemarketing fraud for the name, address, and place of business of a subscriber or customer of such provider, which subscriber or customer is engaged in telemarketing (as such term is defined in section 2325 of this title); or
(E) seeks information under paragraph (2).

18 U.S.C. § 2703(c)(1).

[2] Section 2703(d) states that a court order "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought[] are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).

[3] Instead, for a violation of the SCA, § 2712 provides a civil cause of action against the United States and administrative discipline against the officer or employee involved. Such remedies are "the exclusive remedy against the United States for any claims within the purview of this section." 18 U.S.C. § 2712.

[4] Movant argues in passing that the Government's use of the ICAC database also violates the Wiretap Act. Although Movant does not explain this argument, the Court notes that "[t]he Wiretap Act does not provide a suppression remedy for electronic communications unlawfully acquired under the Act." *See United States v. Steiger*, 318 F.3d 1039, 1052 (11th Cir. 2003).

3

479 (2015) (citing *United States v. Miller*, 425 U.S. 435, 443 (1976)). Accordingly, the Eleventh Circuit has held that non-content cellphone location records, obtained pursuant to § 2703(d), are not protected by the Fourth Amendment because cellphone users voluntarily provide this data to third-party service providers. *See id.* at 511. Although the Eleventh Circuit has not addressed whether the Fourth Amendment protects IP addresses, other courts of appeal have held that it does not. *See United States v. Bynum*, 604 F.3d 161, 164 (4th Cir. 2010) ("every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment"); *United States v. Perrine*, 518 F.3d 1196, 1204-05 (10th Cir. 2008) (collecting cases). In addition, the same rationale for denying protection to cellphone location data in *Davis* applies to IP addresses because Internet users voluntarily provide this information to third-party service providers. *See United States v. Christie*, 624 F.3d 558, 574 (3rd Cir. 2010) ("no reasonable expectation of privacy exists in an IP address, because that information is also conveyed to and, indeed, from third parties, including ISPs"). Accordingly, the Report correctly concludes that it was reasonable for Movant's trial counsel not to move to suppress the Government's evidence on Fourth Amendment grounds.

Similarly, I reject Movant's alternative argument that § 2703(d) violates the Fourth Amendment because it allows a subpoena to issue for his IP addresses without probable cause. Movant's argument is foreclosed by my conclusion that IP addresses are not protected by the Fourth Amendment. *See Davis*, 785 F.3d at 511 ("[W]e hold that the government's obtaining a § 2703(d) court order for production of [the third-party service provider's] business records . . . did not constitute a search and did not violate the Fourth Amendment rights of [defendant].").[5]

---

[5] Movant cites *United States v. Davis*, 754 F.3d 1205 (11th Cir. 2014), in support of his argument that § 2703(d) violates the Fourth Amendment. However, this opinion was vacated and rehearing en banc was granted. *United States v. Davis*, 573 Fed. Appx. 925 (11th Cir. 2014). In rehearing en banc, the Eleventh Circuit reversed its prior holding on this issue, ruling instead that the government's obtaining a court order under the SCA for production of cellphone location

4

Accordingly, Movant has failed to demonstrate either prong of *Strickland v. Washington*, 466 U.S. 668 (1984), and has thus not established ineffective assistance of counsel. Movant's Motion is, therefore, denied.

"[W]hen a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition" pursuant to 28 U.S.C. §§ 2254-55, "the right to appeal is governed by the certificate of appealability requirements . . . found at 28 U.S.C. § 2253(c)." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Pursuant to § 2253(c)(2), a district court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant does not meet that standard, the Court declines to issue a certificate of appealability. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

(1) United States Magistrate Judge Brannon's Report (DE 17) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety.

(2) Movant's Motion (DE 1) is **DENIED**.

(3) A Certificate of Appealability is **DENIED**.

(4) The Clerk of Court shall **CLOSE** this case.

(5) All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 27 day of September, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

data was not a search. *See United States v. Davis*, 785 F.3d 498, 513 (11th Cir.), *cert. denied*, 136 S. Ct. 479 (2015).